## CHARLES T. STEVENS *versus* PETER CUSHING.

An action for money had and received will not lie to recover back money paid upon an executory contract which has been in part executed.

THIS was an action of assumpsit, for money had and received, to the plaintiff's use. The cause was tried here, at the last term, upon the general issue, and a verdict was taken by consent for the plaintiff, subject to the opinion of the court, upon a statement of facts in substance as follows: Before the 29th of October, 1814, the defendant had shipped as a seaman on board the privateer Macedonian, of Portsmouth, then lying at Boston, and bound on a cruize to continue not more than one hundred, nor less than ninety days. On the 29th of October, 1814, the defendant sold to the plaintiff one fourth part of a seaman's share in said cruize for the sum of fifty dollars, which he received at the time of sale. The privateer sailed from Boston on her cruise on the 11th of November, 1814, and on the 5th of December following, in consequence of the loss of her bowsprit, put into Portsmouth. Upon the arrival of the privateer the owners assembled, and determined that they would consider the cruise as ended, and discharged the crew. They soon afterwards assembled again, and determined that the cruise was not ended, and by their agents gave notice to the officers and crew to repair on board the privateer and finish the cruise. The defendant and all the other seamen, excepting four, neglected or refused to return on board; in consequence of which the owners proceeded to appoint officers and ship seamen for a new cruise. The defendant was on board the privateer, and did duty as a seaman, from the 4th of November till the 5th of December, 1814, for which he was entitled to receive of the prize agent, as his share of prize money, twelve dollars, one fouth part of which he left in the hands of the prize agent for the plaintiff, who has never called for it.

BELL, J.* By this statement two questions are presented for the consideration of the court.

* RICHARDSON, C. J., having been of counsel, did not sit in this cause.

Stevens
*vs.*
Cushing.

1st. Do the facts stated disclose any cause of action.

2d. Are they sufficient to maintain the action in its present form? It does not appear, from the statement, whether the crew were discharged upon their arrival at Portsmouth, in pursuance of an authority expressly given the owners to put an end to the cruise, upon the arrival of the vessel in port, in consequence of such an injury as was sustained in this case, or that there was any established usage that on such event the owners might put an end to the cruise, and discharge the crew. It does not appear whether this discharge of the crew was with or against their consent, nor whether the defendant individually assented to, or dissented from this discharge by the owners. Evidence of these facts, or some of them, at least, are essentially necessary to a decision of this case upon what seems to be its merits. But whatever may be the merits of the case, the statement presents facts which show that an action for money had and received cannot be maintained. The plaintiff rests his right to recover on the ground that the defendant has not performed his contract in relation to the voyage, and that this gave him a right to consider the contract as rescinded, and recover back the money paid as a consideration. Where money is paid upon a contract which is executory on the part of him who has received the money, and he altogether fails of performing the contract, the injured party has an election, either to bring an action on the contract to recover damages for the non-performance, or to consider the contract as rescinded, and recover back the money so paid, as money had and received to his use.

In such case the law presumes the assent of him who received the money to the dissolution of the contract; and thereupon raises a promise to repay the money so received without consideration. Contracts are considered as rescind-

(1) 7 D. & E. 181, Giles & al. vs. Edwards.—1 Selw. N. P. 88. 5 East 449, Hunt vs. Silk.—1 New. Rep. 351, Cook vs. Munstone. ed by inference of law only when the contract is entire and wholly unexecuted; if executed in part, the party injured must resort to an action on his contract to recover damages for the non-performance. (1)

Stevens
*vs.*
Cushing.

The defendant, in this case, executed his contract in part, he entered and remained on board the privateer, and did duty as a seaman, for at least part of the cruise.

The action for money had and received cannot, therefore, be maintained ; but the plaintiff, if injured, must seek his remedy by an action on the contract.

The verdict must be set aside, and a verdict entered for the defendant, according to the agreement of the parties.